**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

BRYON PIERSON, JR.,           )
                                     )
       Plaintiff,              )
                                       )
     vs.                      )          Case No. 4:26-cv-00022-JSD
                                       )
CORTEX INNOVATION CENTER,    )
                                     )
       Defendant.          )

## MEMORANDUM AND ORDER

Self-represented Plaintiff Bryon Pierson, Jr. seeks leave to commence this employment discrimination action *in forma pauperis*, or without prepayment of the required filing fees and costs. ECF No. 3. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and waive the filing fee. *See* 28 U.S.C. § 1915(a)(1). As Plaintiff is now proceeding without prepayment, his pleadings are subject to review under 28 U.S.C. § 1915. Based on such review, the Court will dismiss this matter without prejudice, for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, is malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a *pro se* complaint under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Still, even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the *pro se* plaintiff that assumed facts that had not been pleaded).

### The Complaint

Plaintiff brings this employment discrimination action against defendant Cortex Innovation Center, under Title VII of the Civil Rights Act of 1964. ECF No. 1 at 1. He alleges that Cortex has discriminated against him since 2018 based on his race, religion, color, and disability, including the discriminatory conduct of retaliation, harassment, and failure to hire. *Id.* at 3-5. The essential facts of Plaintiff's claim, in his own words, are as follows:

> I was a contractor receiving services from Cortex Innovation Center, between the years of 2019-2024.[1]
>
> I applied for and expressed interest in employment and programs like program admission, space allocation, selection funnels, partner introductions, as well as Square One Bootcamp. I made complaints about discrimination with the

---

[1] The Court recognizes that Plaintiff provides differing start dates for his claims against defendant Cortex (2018 and 2019), but this date does not change the Court's analysis of the legal issues herein. *See* ECF No. 1 at 3, 5.

organization and to other agencies.  The organization repeatedly denied me these opportunities.

I believe the organization discriminated against me based on race, religion, sexual orientation, disability, and retaliation when it did not select me for positions and programs, in violation of [T]itle VII of the Civil Rights Act of 1964, as amended, and in violation of Title I of the Americans with [D]isabilities Act of 1990, as amended.

I have two other EEOC claims that Cortex has close workings with.

*Id.* at 5-6.

The particulars of Plaintiff's Charge of Discrimination—filed with the Equal Employment Opportunity Commission ("EEOC") and the Missouri Commission on Human Rights on November 18, 2025—are almost identical to the essential facts stated above.  *See* ECF No. 1-2 at 1.  The only noteworthy distinction is that Plaintiff describes himself in the Charge as "African American."  *Id.*  After filing his Charge, Plaintiff received a Right-to-Sue Letter, issued by the EEOC on January 6, 2026.[2]  ECF No. 1 at 3; *see also* ECF No. 1-1 at 1.

For relief, Plaintiff seeks to "[r]estore access and grant admission into programs" and "monetary compensation if possible."  ECF No. 1 at 7.

### Plaintiff's Related Case

On the Original Filing Form filed with the Complaint in this matter, Plaintiff refers to a related, but not substantially equivalent case that he previously filed in this Court.  ECF No. 1-4 (citing "4:25-cv-01481-HEA").  Based on an independent review of court records for this related matter, it appears that Plaintiff sued defendant Cortex Innovation, twenty-seven (27) other named

---

[2] Although the EEOC issued Plaintiff a Right-to-Sue letter, there does appear to be some question as to whether Plaintiff filed his Charge of Discrimination in a timely manner.  A complainant "must file a charge of discrimination within 300 days of the occurrence under Title VII."  *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007) (quoting 42 U.S.C. § 2000e-5(e)(1)).  In this case, Plaintiff states in his Charge that the latest date of the discriminatory conduct by Cortex was January 1, 2025, yet he did not sign and file the Charge until November 18, 2025.  ECF No. 1-2 at 1-2.  By the Court's calculation, the Charge was filed approximately three (3) weeks late.

defendants, and fifty (50) unnamed Doe defendants, in October 2025. *Pierson v. T-REX STL*, No. 4:25-cv-01481-HEA (E.D. Mo. filed Oct. 1, 2025). Relevant here, in the Complaint for that case, Plaintiff described himself as "a Black, LGBTQ+, Christian … who lives with medically managed ADHD, anxiety, and depression," and as the "Founder & CEO of EDUrain Inc., a St. Louis-based civic-technology company." *Id.* at ECF No. 1 at 1. He described defendant Cortex as a "regional innovation district" and alleges that defendant Cortex, along with more than twenty (20) other non-profit and corporate defendants, "coordinated [a] multi-year campaign … to retaliate against, defame, economically exclude, and displace Plaintiff and his company, EDUrain Inc., from key federally connected innovation, education, and housing ecosystems." *Id.* at ECF No. 1 at 2.

In this related action, Plaintiff brought eight (8) claims for relief including a claim of race discrimination and retaliation under Title VI, and a claim of disability discrimination and retaliation under Title II of the Americans with Disabilities Act. *Id.* at ECF No. 1 at 5. Plaintiff references multiple EEOC Charge case numbers in that matter, including the Charge of Discrimination which he attached to his filings in the instant case before the Court. *Id.* at ECF No. 1 at 3, 7 (citing "Charge 560-2025-03797").

On October 7, 2025, the Court dismissed Plaintiff's related action, under 28 U.S.C. § 1915(e), finding his allegations illogical, "irrational or wholly incredible" as defined in *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), and ultimately frivolous because they lacked "an arguable basis … in law or in fact." *Id.* at ECF No. 5 at 3 (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

## Discussion

Like Plaintiff's earlier related case, this action will also be dismissed under 28 U.S.C. § 1915(e). Plaintiff fails to provide any facts suggesting that his treatment by defendant Cortex was based on his membership in a Title VII protected class. To the extent that Plaintiff also asserts a

- 4 -

violation of the Americans with Disabilities Act ("ADA"), this claim also fails because Plaintiff has not adequately pleaded a disability cognizable within the ADA. *Compare* ECF No. 1 at 1 (only marked the line on the form complaint for a Title VII claim) *with* ECF No. 1 at 6 (alleges that defendant violated both Title VII and the ADA). As discussed in detail below, the Court finds that Plaintiff's Complaint fails to state claims under both Title VII and the ADA. Therefore, this case will be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

## I.    Title VII Claims

Title VII makes unlawful an employer's discrimination against an individual because of his race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2. To establish a prima facie case of Title VII discrimination, a plaintiff must show that he: (1) is a member of a protected class; (2) was meeting his employer's legitimate job expectations; (3) suffered an adverse employment action; and (4) was treated differently than similarly situated employees who were not members of his protected class. *Jackman v. Fifth Judicial Dist. Dep't of Corr. Servs.*, 728 F.3d 800, 804 (8th Cir. 2013) (citation omitted).

In this case, Plaintiff's allegations fail to meet these pleading requirements. According to Plaintiff's Charge of Discrimination, he is a member of a Title VII protected class. Nonetheless, Plaintiff does not allege that when he applied for "employment and programs" with defendant Cortex, he was qualified for and/or could fulfill the legitimate employment expectations. In addition, Plaintiff never details any disparate treatment, and the Complaint is void of any allegation that similarly situated employees of a different race, color, religion, gender, or national origin were treated more favorably. Finally, there are no facts alleged that Cortex did not grant Plaintiff employment and/or admission into certain programs due to Plaintiff's membership in a Title VII protected class. This Court cannot assume facts that are not alleged in the complaint. *Stone v.*

*Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).  Nothing in the Complaint indicates that Plaintiff's treatment by Cortex was rooted in any illegal discriminatory animus.[3]

Furthermore, to state a claim of Title VII harassment, a plaintiff must allege that: (1) he is a member of a protected group; (2) that there was unwelcome harassment; (3) that there was a casual nexus or connection between the harassment and his membership in the protected group; and (4) that the harassment affected a term, condition, or privilege of employment.  *See Watson v. CEVA Logistics U.S., Inc.*, 619 F.3d 936, 942 (8th Cir. 2010) (citation omitted).  Again, Plaintiff does not provide any facts in his Complaint regarding unwelcome harassment or any connection between such harassment and his membership in a Title VII protected group.

Finally, Title VII prohibits retaliation against an employee "because he has opposed any practice made an unlawful employment practice by [Title VII], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]."  42 U.S.C. § 2000e–3(a).  To establish a prima facie case of Title VII retaliation, a plaintiff must show that: (1) he engaged in protected conduct; (2) he suffered a materially adverse employment action; and (3) the adverse action was causally linked to the protected conduct. *Jackman*, 728 F.3d at 804 (citation omitted).

Here, Plaintiff claims that he made complaints about discrimination to Cortex and "other agencies."  ECF No. 1 at 5.  Regardless, even if Plaintiff's complaints to Cortex qualify as

---

[3] The Court notes that it is not entirely clear whether the relationship between Plaintiff and defendant Cortex is that of an employee and employer as understood under Title VII.  Plaintiff alleges that Cortex failed to hire him and that he "applied for and expressed interest in employment and programs" offered by Cortex.  ECF No. 1 at 5.  But Plaintiff's prior-filed, related case describes Cortex as a "regional innovation district" that allegedly excluded Plaintiff's business from participation in certain programming.  *Pierson v. T-REX STL*, No. 4:25-cv-01481-HEA, ECF No. 1 at 2.  This does not sound like a failure-to-hire situation in a standard employment relationship, as protected by Title VII.  Regardless, based on the allegations Plaintiff has provided in the instant matter, he fails to state a Title VII employment discrimination claim against Cortex.

protected conduct, there are no facts suggesting a link between his complaints and his being denied opportunities by Cortex.  Without any evidence of a causal link between the complaints and treatment by Cortex, Plaintiff fails to plead a Title VII retaliation claim.

For all these reasons, Plaintiff's Complaint fails to state a claim of discrimination, harassment, or retaliation under Title VII of the Civil Rights Act, and therefore, these claims will be dismissed under 28 U.S.C. § 1915(e)(2)(B).

## II.    ADA Claim

The Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, prohibits covered employers from discriminating against a "qualified individual" on the basis of disability. 42 U.S.C. § 12112(a).  To establish discrimination under the ADA, a plaintiff must allege he: (1) is disabled within the meaning of the ADA, (2) is a qualified individual under the ADA, and (3) has suffered an adverse employment action because of his disability.  *See Hill v. Walker*, 737 F.3d 1209, 1216 (8th Cir. 2013).

The ADA defines a "disability" as: "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment."  42 U.S.C. § 12102(1).  The threshold inquiry of determining whether plaintiff is disabled within the meaning of the ADA requires an individualized analysis of the effects of the claimed impairment on plaintiff's life activities.  *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 483 (1999); *Mathieu v. Gopher News Co.*, 273 F.3d 769, 775 (8th Cir. 2001).

Here, Plaintiff has not sufficiently pleaded a disability cognizable within the ADA.  In fact, Plaintiff's Complaint does not name a disability at all.  In his related case filed in this Court, Plaintiff states that he has "medically managed ADHD, anxiety, and depression."  *Pierson v. T-REX STL*, No. 4:25-cv-01481-HEA, ECF No. 1 at 1.  Assuming these medical issues are the

disability Plaintiff is referring to in this case, Plaintiff provides no factual allegations to indicate that his ADHD, anxiety, and/or depression have substantially impaired any of his major life activities. Without such allegations, Plaintiff fails to state a claim of discrimination under the ADA. *See Heisler v. Metro. Council*, 339 F.3d 622, 630 (8th Cir. 2003) (finding plaintiff failed to present evidence sufficient to establish that her major depressive disorder was a disability within the meaning of the ADA); *Aldrup v. Caldera*, 274 F.3d 282, 287 (5th Cir. 2001)(finding no disability under the ADA where plaintiff alleged stress and anxiety from having to work with certain defendant employees); *Pandey v. Bio-Med. Applications of Minn., Inc.*, 651 F. Supp. 2d 969, 974 (D. Minn. 2009) (finding no disability within the meaning of the ADA where plaintiff failed to demonstrate that her severe depression substantially limited her major life activities); *Aucoin v. Kennedy*, 355 F. Supp. 2d 830, 837 (E.D. La. 2004) (finding plaintiff failed to allege facts supporting a disability under the ADA where plaintiff stated only that she suffered from stress and anxiety caused by having to work with the individuals at defendant employer who were harassing her, but not that she suffered from generalized anxiety, stress, and depression that precluded her work at other jobs).

Because Plaintiff fails to state any facts supporting a physical or mental impairment that substantially limits one or more major life activities, his ADA claim of disability discrimination against Cortex must be dismissed.

### Conclusion

Plaintiff's motion to proceed without prepayment of fees and costs will be granted, and the filing fee will be waived. But, for the numerous reasons discussed in this Order, the Court finds that Plaintiff's Complaint fails to state a claim of employment discrimination under both Title VII and the ADA. Accordingly, this case will be dismissed under 28 U.S.C. § 1915(e)(2). Plaintiff's pending motion for appointment of counsel will be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed *in forma pauperis* [ECF No. 3] is **GRANTED** and the filing fee is waived.

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the Complaint because the Complaint fails to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2).  Plaintiff's claims against defendant Cortex Innovation Center are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel [ECF No. 2] is **DENIED as moot**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 29th day of April, 2026.

_____
CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE

- 9 -